UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Amber and Nathan Miller, on behalf of their minor child, L.M., <br><br> Plaintiffs, <br><br> v. <br><br> City of Portland, Maine; City of South Portland, Maine; Daniel Ahern, in his official capacity as South Portland Chief of Police; Lieutenant Ben Macisso, in his individual capacity and in his official capacity as Portland and South Portland SWAT Commander; Sergeant Jake Hall, Detective Lieutenant Chris Todd, Detective Jonathan Stearns, Officer Caleb Gray, Officer Anthony Verville, and John Doe Officers, in their individual capacities, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 2:26-cv-00029-LEW |

**ANSWER OF DEFENDANTS CITY OF SOUTH PORTLAND, MAINE AND DANIEL AHERN AND BEN MACISSO, IN THEIR OFFICIAL CAPACITY, <u>AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND</u>**

Defendants City of South Portland, Daniel Ahern, in his official capacity, and Ben

Macisso, in his official capacity, (collectively, "Defendants") respond to Plaintiffs' Complaint

(ECF No. 1) and assert defenses as follows:

**INTRODUCTION**

1-11.   The allegations contained in Paragraphs 1-11 of the "Introduction" section of the

Complaint are argument and/or a characterization of Plaintiffs' Complaint to which an answer is

not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

**JURISDICTION**

12-14.  The allegations contained in Paragraph 12-14 of the "Jurisdiction" section of the Complaint call for a legal conclusion and/or are a characterization of Plaintiffs' Complaint to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

## PARTIES

15-17.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15-17 of the Complaint and therefore deny the same.

18.  Defendants admit the allegations contained in Paragraph 18.

19.  Defendants admit the allegations contained in Paragraph 19.

20.  Defendants admit that Lieutenant Ben Macisso is, and was at the time of underlying events, the SWAT Commander for South Portland as well as a South Portland employee and police officer but deny the remaining allegations.

21.  Defendants admit that Jake Hall, Chris Todd, Jonathan Stearns, Caleb Gray, and Anthony Verville are and were South Portland employees and police officers at the time of the underlying events but otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny the same.

## FACTUAL ALLEGATIONS[1]

23.  Defendants deny the allegations contained in Paragraph 23.

---

[1] The Complaint contains headings that are a characterization of the allegations and/or legal argument so therefore no response is required; to the extent a response is required, the headings are denied.

24.    Defendants admit that South Portland police officers were investigating criminal activity that happened on or about April 11, 2025, but deny the implication that the "criminal activity" they were investigating was as alleged in the preceding paragraph and therefore deny that implication and the remaining allegations contained in Paragraph 24.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    There was more than one "perpetrator," and therefore it is unclear whom this paragraph refers to and therefore Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    It is unclear whom "he" refers to in this paragraph and therefore Defendants admit that they had probable cause to believe a perpetrator had committed burglary and theft but otherwise deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants admit there were multiple suspects but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny the same.

29.    Defendants admit Miles Hibbard was a suspect but deny the remaining allegations contained in Paragraph 29 including any implications from the preceding paragraphs as they relate to the allegations in Paragraph 29.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny the same.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny the same.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny the same.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny the same.

39.    The allegation of "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of what all the officers knew and therefore denies the allegations.

40.     The allegation of "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of what all the officers had and therefore denies the allegations.

41.     The allegation of "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of what all the officers should have known and therefore denies the allegations.

42.     Defendants admit a search warrant for Hibbard's residence was applied for and obtained but otherwise the reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and deny the same.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny the same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny the same.

45.     Defendants admit that a warrant was obtained but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

46.      Defendants admit that warrants were obtained but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

47.     Defendants admit that a warrant to arrest Hibbard was obtained but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

48.     Defendants admit that South Portland had and has formal written policies; Defendants further state that this paragraph refers to a policy that speaks for itself and therefore no response to subparts a-d is required. To the extent a response is necessary, Defendants deny that the subparts accurately reflect the policy and therefore deny the remaining allegations.

49.     Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendants admit that a Memorandum of Understanding dated July 17, 2023 was signed by the municipalities' respective Town and City Managers but otherwise deny the allegations.

51.     Paragraph 51 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendants admit the allegations.

52.     Paragraph 52 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendants admit the allegations.

53.     Defendants admit the allegations contained in Paragraph 53.

54.     Paragraph 54 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendants admit that part of the agreement contains guidelines that include the language alleged in this paragraph but otherwise deny the allegations in this paragraph.

55.     Defendants admit the allegations contained in Paragraph 55.

56.     The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants admit that there may be overlap with some military vehicles or tactics but otherwise denies the allegations.

57.     Defendants admit the allegations contained in Paragraph 57 as they pertain to members of the SWAT Team and as to some SWAT equipment and tactics, but otherwise deny the allegations.

58.     The allegations contained in Paragraph 58 of the Complaint are argument and therefore no response is required.  To the extent an answer is deemed necessary, Defendants admit that the budget for SWAT has increased but otherwise deny the allegations.

59.     Defendants admit that South Portland's budget for SWAT equipment and/or training increased from $3,450 to $9,500  during that approximate time period but otherwise deny the allegations in this paragraph.

60.     Defendants admit that South Portland's budget for SWAT equipment and/or training increased from $9,500 to $59,500 during that approximate time period but otherwise deny the allegations in this paragraph.

61.     Defendants admit that South Portland uses a standard risk/threat assessment but otherwise deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit the allegations contained in Paragraph 62.

63.     The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 63.

64.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 64.

65.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

66.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 66.

67.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants admit that a SWAT response is optional based on a threat assessment of 1-15 points but deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68.

69.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendants admit that a threat assessment of 26+ points is high risk but deny the remaining allegations contained in Paragraph 69 of the Complaint.

70.    Defendants admit that probable cause is not required to indicate an element as a basis for adding points to the risk assessment, but otherwise deny the allegations contained in Paragraph 70.

71.     Defendants deny the allegations contained in Paragraph 71.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants deny the allegations contained in Paragraph 74.

75.     Defendants deny the allegations contained in Paragraph 75.

76.     Defendants admit that South Portland City policies were followed but deny the implication that the city policies consist of Plaintiffs' allegations as set forth in the preceding paragraphs and therefore deny the remaining allegations in Paragraph 76 of the Complaint.

77.     Defendants admit that a risk/threat assessment was completed but otherwise deny the allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     The allegations contained in Paragraph 80 of the Complaint are argument and therefore no response is required; to the extent a response is required, the allegations are denied.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore deny the same.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore deny the same.

9

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore deny the same.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore deny the same.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore deny the same.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore deny the same.

89. The allegations contained in Paragraph 89 are argument and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore deny the same.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore deny the same.

91. Defendants admit that when the officers executed the warrant they found that the house was "not heavily fortified or booby trapped" but deny that the officers knew what condition they would find the house prior to that and denies the remaining allegations contained in Paragraph 91.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore deny the same.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore deny the same.

94.     Defendants admit that the actual execution of the warrant did not require breaching tools or forced entry but deny the implication that officers knew that would be the case in advance of execution as implied by the allegations contained in Paragraph 94 and therefore deny the same.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants admit that Lt. Macisso was consulted but otherwise deny the allegations in Paragraph 97 the Complaint.

98.     The allegations contained in Paragraph 98 of the Complaint are argument and call for a legal conclusion to which an answer is not required.   To the extent an answer is deemed necessary, Defendants deny the same.

99.     Defendants admit that Lt. Macisso was consulted but otherwise deny the allegations in Paragraph 99 the Complaint.

100.     The allegations contained in Paragraph 100 of the Complaint are argument and call for a legal conclusion to which an answer is not required.   To the extent an answer is deemed necessary, Defendants deny the same.

101.     Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.     Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore deny the same.

104.     The allegations contained in Paragraph 104 do not pertain to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and therefore deny the same.

105.     The allegations contained in Paragraph 105 do not pertain to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and therefore deny the same.

106.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and therefore deny the same.

107.     Defendants admit that the original timing of the execution of the warrant was delayed but the language "they" and "a few hours" is ambiguous and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore otherwise denies the allegations in Paragraph 108.

108.     The language "they" and "a few hours" is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore otherwise deny the allegations in Paragraph 108.

109.     The allegations contained in Paragraph 109 of the Complaint are argument and call for a legal conclusion to which no response is required. To the extent a response is deemed

12

necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and therefore deny the same.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and therefore deny the same.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and therefore deny the same.

112.    The allegations contained in Paragraph 112 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and therefore deny the same.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint and therefore deny the same.

114.    The allegations contained in Paragraph 114 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 114.

115.    Defendants admit that one officer who participated was an SRO for South Portland but otherwise deny the allegations contained in Paragraph 115.

116.    The allegations contained in Paragraph 116 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 116.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and therefore deny the same.

118.    The allegations contained in Paragraph 118 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 118.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and therefore deny the same.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and therefore deny the same.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and therefore deny the same.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint and therefore deny the same.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint and therefore deny the same.

124.    Defendants deny the allegations contained in Paragraph 124.

125.    The allegations of "team of officers drove" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same, except that Defendants admit that some officers drove towards Hibbard's house.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and therefore deny the same.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint and therefore deny the same.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint and therefore deny the same.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint and therefore deny the same.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint and therefore deny the same.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint and therefore deny the same.

133.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 133.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint and therefore deny the same.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and therefore deny the same.

136.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint and therefore deny the same.

137.    The allegations contained in Paragraph 137 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint and therefore deny the same.

138.    The allegations contained in Paragraph 138 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint and therefore deny the same.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint and therefore deny the same.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint and therefore deny the same.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint and therefore deny the same.

142.    The allegations contained in Paragraph 142 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

143.    The allegations contained in Paragraph 143 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

144.    The allegations contained in Paragraph 144 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

145.    Defendants admit the allegations contained in Paragraph 145.

146.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.

147.    The allegation "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same. Defendants further respond that to the extent "officers" saw someone they thought it was Hibbard.

148.    Defendants deny that the officers knew it was L.M. at the time as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint and therefore deny the same.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint and therefore deny the same.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint and therefore deny the same.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint and therefore deny the same.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint and therefore deny the same.

154.    Defendants deny the allegations contained in Paragraph 154.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint and therefore deny the same.

156. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint and therefore deny the same.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint and therefore deny the same.

158. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint and therefore deny the same.

159. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint and therefore deny the same.

160. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint and therefore deny the same.

161. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations.

162. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint and therefore deny the same.

163. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

164.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny that the individual later identified as L.M. looked 3 years younger, 4 inches taller, or 30 pounds heavier than Hibbard and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint and therefore deny the same.

167.    Defendants admit L.M. was wearing a short-sleeved T-shirt but deny the remaining allegations contained in Paragraph 167 of the Complaint.  Defendants further state that the officers thought it was Hibbard at the time and did not know it was L.M. as alleged.

168.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint and therefore deny the same.

169.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint and therefore deny the same.

170.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint and therefore deny the same.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint and therefore deny the same.

172.    The allegations contained in Paragraph 172 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

173.    Defendants deny the allegations contained in Paragraph 173.

174.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged, and therefore deny the allegations contained in this paragraph of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175.

176.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint and therefore deny the same.

177.    Defendants admit that commands were given to the individual the officers believed was Hibbard but otherwise deny the allegations contained in Paragraph 177.

178.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged, and therefore deny the allegations contained in this paragraph of the Complaint.

179.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

180.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

181.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged, and therefore deny the allegations contained in this paragraph of the Complaint.

182.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged, and therefore deny the allegations contained in this paragraph of the Complaint.

183.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint and therefore deny the same.

184.    Defendants deny that the involved officers knew it was L.M. at this time as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

185.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint and therefore deny the same.

186.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged, and therefore deny the allegations contained in this paragraph of the Complaint.

187.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

188.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint and therefore deny the same.

189.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint and therefore deny the same.

190.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint and therefore deny the same.

191.    Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

194.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

195.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

196.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

197.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

198.     Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

199.     Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

200.     The allegation "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of what each officer knew and therefore deny the same.

201.     Defendants deny the allegations contained in this paragraph.

202.     Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

203.     Defendants admit that an order was given to the suspect to lie flat on the ground but otherwise deny allegations contained in this paragraph, including the implication that the officers knew it was L.M.

204.     Defendants admit that the suspect complied but otherwise deny the allegations contained in this paragraph, including the allegation that the officers knew it was L.M.

205.     Defendants deny that the involved officers knew it was L.M. at this time as implied and therefore deny the allegations contained in this paragraph of the Complaint.

206.     Defendants admit that orders were given but otherwise deny the allegations contained in this paragraph, including the implication that the officers knew it was L.M.

207.    Defendants respond that the involved officers thought the individual was Hibbard, not L.M. as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

208.    Defendants deny the allegations contained in Paragraph 208.

209.    Defendants admit that Detective Jonathan Stearns eventually walked closer to where the suspect was lying but otherwise deny the allegations in this paragraph including the sequence of events implied by the subsequent paragraphs and the implication that the officers knew it was L.M. at the time.

210.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

211.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

212.    Defendants deny the allegations contained in Paragraph 212.

213.    Defendants deny the allegations contained in Paragraph 213.

214.    Defendants deny the allegations contained in Paragraph 214.

215.    Defendants respond that the officers did not know it was L.M. as alleged and therefore denies the allegations contained in this paragraph.

216.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, the officers did not know it was L.M. as alleged and therefore Defendants deny the allegations contained in this paragraph.

217.    Defendants respond that the officers thought the individual was Hibbard, not L.M. as alleged, and therefore denies the allegations contained in this paragraph.

218.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

219.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

220.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

221.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

222.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

223.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

224.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

225.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

226.    Defendants deny the allegations contained in Paragraph 226.

227.    The allegations contained in Paragraph 227 are argument and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny that this paragraph accurately captures the sequence of events and therefore denies the allegations.

228.    Defendants deny that this paragraph accurately captures the sequence of events and therefore deny the allegations, except they admit that no weapons or anything else suspicious was found.

229.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the sequence of events as alleged and therefore deny the allegations contained in this paragraph of the Complaint.

230.    The reference to "they" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

231.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.

232.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the same.

233.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the same.

234.    The allegations "by this time" and "officers" in this paragraph are ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

235.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

236.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Complaint and therefore deny the same.

237.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

238.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the Complaint and therefore deny the same.

239.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 of the Complaint and therefore deny the same.

240.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 of the Complaint and therefore deny the same.

241.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 of the Complaint and therefore deny the same.

242.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the Complaint and therefore deny the same.

243.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 of the Complaint and therefore deny the same.

244.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 of the Complaint and therefore deny the same.

245.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245 of the Complaint and therefore deny the same.

246.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246 of the Complaint and therefore deny the same.

247.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.

248.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.

249.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 of the Complaint and therefore deny the same.

250.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.

251.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same, except it is admitted that an officer asked the individuals in the car for IDs.

252.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 of the Complaint and therefore deny the same.

253.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253 of the Complaint and therefore deny the same.

254.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

255.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

256.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

257. The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

258. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 of the Complaint and therefore deny the same.

259. The allegations "officers" and "later" in this paragraph are ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same, except they admit that L.M. was released.

260. The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

261. As alleged, the allegations contained in Paragraph 261 of the Complaint are ambiguous, confusing, and incomprehensible and therefore this paragraph is denied.

262. Paragraph 262 and its nine subparts are argument and not a "short and plain statement" and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Portland and therefore deny the same, and otherwise deny the allegations.

263. Paragraph 263 and its nine subparts are argument, ambiguous as it relates to "to do or not do" and "officers" and not a "short and plain statement" and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information

sufficient to form a belief about the truth of the allegations to the extent they are alleged against Portland officers and therefore deny the same, and otherwise deny the allegations.

264.    Defendants admit that L.M was in handcuffs but otherwise deny the allegations contained in Paragraph 264.

265.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the Complaint and therefore deny the same.

266.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of the Complaint and therefore deny the same.

267.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of the Complaint and therefore deny the same.

268.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of the Complaint and therefore deny the same.

269.    Defendants admit that L.M. was outwardly calm, compliant, respectful, and cooperative but deny the implication that the officers knew it was L.M. "throughout the entire encounter" and therefore deny the remaining allegations contained in Paragraph 269.

270.    Defendants admit the allegations contained in Paragraph 270.

271.    Defendants deny the allegations contained in Paragraph 271.

272.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 272.

273.    Defendants admit L.M.'s friends acted cooperatively, respectfully and calmly while interacting with officers but deny the remaining allegations contained in Paragraph 273, including the implication that officers knew it was L.M. or his friends and that they did nothing suspicious.

274.    Defendants deny the allegations contained in Paragraph 274.

275.    The allegation "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same, except it is admitted that some of the officers executed the search warrant.

276.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

277.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 of the Complaint and therefore deny the same.

278.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278 of the Complaint and therefore deny the same.

279.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the Complaint and therefore deny the same.

280.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

281.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

282.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.

283.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the same.

284.    Defendants deny the allegations in this paragraph.

285.     The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

286.    Defendants admit the allegations in this paragraph.

287.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, the reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same, except they admit that Hibbard was arrested.

288.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288 and therefore deny the same.

289.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289 and therefore deny the same.

290.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290 and therefore deny the same.

291.    Defendants admit that the City and the Chief made statements but otherwise deny the allegations contained in Paragraph 291.

292.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants admit that the release contains some of the quoted language but otherwise deny the allegations contained in this paragraph.

293.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants admit the allegations contained in this paragraph.

294.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, the allegations do not accurately characterize the document and therefore Defendants deny the allegations.

295.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, the allegations do not accurately characterize the document and therefore Defendants deny the same.

296.    Defendants admit that there was outreach to the Portland Police Department but otherwise deny the allegations contained in Paragraph 296.

297.    Defendants admit that Chief Ahern made some statements to that effect but otherwise deny the allegations.

298.    Defendants admit the allegations in this paragraph.

299.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants admit that the document states or a statement was made that Detective Stearns determined the suspect was not Hibbard but deny the remaining allegations contained in Paragraph 299.

300.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants admit that the document contains the quoted language but otherwise deny the allegations contained in Paragraph 300.

301.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants deny that the allegations accurately capture the entirety of Chief Ahern's statements and therefore deny the allegations.

302.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants deny that the allegations accurately capture the entirety of Chief Ahern's statements and therefore deny the allegations.

303.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants deny that the allegations accurately capture the entirety of Chief Ahern's statements and therefore deny the allegations.

304.    Defendants deny that the allegations accurately capture the entirety of Chief Ahern's statements and therefore deny the allegations.

305.    Defendants deny that the allegations accurately capture the entirety of Chief Ahern's statements and therefore deny the allegations.

306.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 306.

307.    The allegations in this paragraph refer to a document which speaks for itself and therefore no response is required. To the extent an answer is deemed necessary, Defendants admit that the press release indicated that the South Portland Police Department would be further reviewing the incident to ensure all protocols and procedures were followed, but deny the remaining allegations.

308.    Defendants admit the allegations contained in Paragraph 308.

309.    Defendants admit that Chief Ahern, after reviewing the incident further, concluded the officers' conduct complied with city policies but deny the remaining allegations.

310.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

311.    Defendants deny the allegations contained in Paragraph 311.

312.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 312.

313.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 313.

314. Defendants deny that the allegations contained in Paragraph 314 accurately capture the statements made and therefore deny the allegations in this paragraph.

315. Defendants admit the allegations contained in Paragraph 315.

316. Defendants deny that the allegations contained in Paragraph 316 accurately capture the statements made and therefore deny the allegations in this paragraph.

317. Defendants deny that the allegations contained in Paragraph 317 accurately capture the statements made and therefore deny the allegations in this paragraph.

318. Defendants deny that the allegations contained in Paragraph 318 accurately capture the statements made and therefore deny the allegations in this paragraph.

319. The allegations contained in Paragraph 319 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, the allegation of "certain policies" is ambiguous and therefore Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations.

320. Defendants admit that the South Portland individual Defendants were acting within the scope of their employment, but they lack knowledge or information sufficient to form a belief about the truth of the allegations as it relates to John Doe or Portland individual defendants and therefore deny the same.

321.  Defendants admit the City of South Portland received notices of claim on or about January 16, 2026, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

### INJURIES TO L.M.

322. Defendants deny the allegations contained in Paragraph 322.

323-326.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 323-326 of the Complaint and therefore deny the same.

## CLAIMS

327.    The allegations contained in Paragraph 327 of the Complaint are a characterization of the Complaint to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

## Count 1

328.    Defendants repeat and reallege their responses contained in Paragraphs 1 through 326 herein.

329-333.  The allegations contained in Paragraphs 329-333 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

334.    Defendants deny the allegations contained in Paragraph 334.

335.    Defendants deny the allegations contained in Paragraph 335.

336.    Defendants deny the allegations contained in Paragraph 336.

337.    Defendants deny the allegations contained in Paragraph 337.

338.    Defendants deny the allegations contained in Paragraph 338.

339.    The allegations contained in Paragraph 339 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 339.

340.    The allegations contained in Paragraph 340 of the Complaint are legal argument to which no answer is required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

341.    Defendants deny the allegations contained in Paragraph 341.

342.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 342 of the Complaint and therefore deny the same.

343.    Defendants deny the allegations contained in Paragraph 343.

344.    Defendants admit the allegations contained in Paragraph 344.

345.    The allegations in Paragraph 345 of the Complaint are ambiguous as to timing and therefore this paragraph is denied.

346.    Defendants deny the allegations contained in Paragraph 346.

347.    The allegations contained in Paragraph 347 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 347.

348.    The allegations contained in Paragraph 348 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 348.

349.    Defendants deny the allegations contained in Paragraph 349.

350.    Defendants admit that the policy provides that a supervisor or designee should be consulted but otherwise denies the allegations contained in Paragraph 350.

351.    Defendants admit that the policy provides that the supervisor or designee should be consulted but otherwise deny the allegations contained in Paragraph 350.

352.    Defendants deny the allegations contained in Paragraph 351.

353.    Defendants deny the allegations contained in Paragraph 352.

354.    Defendants deny the allegations contained in Paragraph 353.

355.    Defendants deny the allegations contained in Paragraph 354.

356.    Defendants deny the allegations contained in Paragraph 355.

357.    The allegations contained in Paragraph 356 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

358.    The allegations contained in Paragraph 357 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

359.    The allegations contained in Paragraph 358 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

360.    Defendants deny the allegations contained in Paragraph 359.

361.    Defendants deny the allegations contained in Paragraph 360.

## Count 2

362.    Defendants repeat and reallege their responses contained in Paragraphs 1 through 326 herein.

362-364.  The allegations contained in Paragraph 362-364 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

365.    The allegations contained in Paragraph 365 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

366.    The reference to "officers" in this paragraph is ambiguous and therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the same.

367.    The allegations contained in Paragraph 367 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

368.    The  allegations contained in Paragraph 368 are argument and the reference to "officers" is ambiguous so therefore an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

369.    Defendants deny the allegations contained in Paragraph 369.

370.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 of the Complaint and therefore deny the same.

371.    The allegations in Paragraph 371 are argument and ambiguous so therefore no answer is required. To the extent an answer is deemed necessary, Defendants deny the allegations.

372.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

373.    Defendants deny the allegations contained in Paragraph 373.

374.    The in Paragraph 374 are argument so therefore no answer is required. To the extent an answer is deemed necessary, Defendants deny the allegations.

375.    Defendants deny the allegations contained in Paragraph 374.

376.    Defendants deny the allegations contained in Paragraph 375.

## Count 3

377.    Defendants repeat and reallege their responses contained in Paragraphs 1 through 326 herein.

377-379.  The allegations contained in Paragraphs 377-379 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.

380.    Defendants deny the allegations contained in this paragraph.

381.    Defendants deny the allegations contained in this paragraph.

382.    Defendants deny the allegations contained in this paragraph.

383.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 383 of the Complaint and therefore deny the same.

384.    The allegations contained in Paragraph 384 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the implication that an objection was warranted and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

385.     Defendants deny the allegations contained in this paragraph.

386.    Defendants deny the allegations contained in this paragraph.

387.    The allegations contained in Paragraph 387 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

388.    Defendants deny the allegations contained in this paragraph.

## Count 4

43

389.    Defendants repeat and reallege their responses contained in Paragraphs 1 through 326 herein.

390-396. The allegations in these paragraphs are not alleged against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that the South Portland officers' were acting within the scope of their employment and acting intentionally but otherwise deny the allegations contained in these paragraphs.

## Count 5

397. Defendants repeat and reallege their responses contained in Paragraphs 1 through 326 herein.

398-404. The allegations in these paragraphs are not alleged against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that the South Portland officers were acting intentionally and within the scope of their employment but otherwise deny the allegations contained in these paragraphs.

## Count 6

405. Defendants repeat and reallege their responses contained in Paragraphs 1 through 326 herein.

406.   Defendants deny the allegations contained in Paragraph 406.

407. The allegations in this paragraph are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations as it pertains to South Portland and are without knowledge of information sufficient to form a belief as to Portland and therefore deny the same.

408. The allegations in this paragraph are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny

the allegations as it pertains to South Portland and are without knowledge of information sufficient to form a belief as to Portland and therefore deny the same.

409. Defendants deny the allegations contained in Paragraph 409.

410. Defendants deny the allegations contained in Paragraph 410.

Defendants deny that Plaintiffs are entitled to any of the relief they seek in their "Prayer for Relief."

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## DEFENSES/AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief may be granted against the City.

2.      Plaintiffs' Complaint is barred by the doctrines of immunity and/or qualified immunity.

3.      No clearly established rights of Plaintiffs were violated by Defendants' or any City of South Portland officers' alleged actions or inaction.

4.      No reasonable person in a City of South Portland officer's position and under the circumstances they faced would have known that their conduct violated clearly established rights of the Plaintiffs.

5.      Plaintiffs' injuries or harm, if any, were not caused by Defendants' alleged actions or inaction.

6.      Plaintiffs' damages are barred in whole or in part for failing to mitigate his damages.

7.      Plaintiffs' Complaint is barred by the doctrines of assumption of the risk, unclean hands, and estoppel.

8.      Plaintiffs' injuries or harm, if any, were not caused by the City's policy, protocol, practice, procedure, or custom.

9.      Plaintiffs' injuries or harm, if any, were not caused by the City's actions with respect to training, or the alleged lack thereof.

10.     Plaintiffs' alleged damages, if any, were caused by their own conduct, an intervening or superseding cause, or third-parties.

11.     All actions or inaction taken by Defendants or any South Portland officers were based upon probable cause, reasonable articulable suspicion, a privilege, mistake, community caretaking, protective custody, and/or were otherwise objectively reasonable under the particular circumstances.

12.     If any South Portland officers' alleged acts or inaction are found to have been unlawful and/or unconstitutional, Defendants had no notice or knowledge of such illegality or the likelihood of same.

13.     The City did not act with deliberate indifference.

14.     At all times relevant to this case, Defendants and the South Portland officers were acting in good faith and within the scope of his employment.

15.     Defendants cannot be held liable for the actions or inaction of other individuals or entities, nor can he be held liable based on a respondeat superior theory.

16.     Punitive damages are not recoverable against Defendants.

17.    Plaintiffs' recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq., or any other applicable federal or state statutory limitations on damages.

18.    Plaintiffs' tort law claims are barred for failing to comply with the notice requirements of the Maine Tort Claims Act, 14 M.S.R.A. § 8107 or other applicable provisions of the Maine Tort Claims Act and Defendants have retained their immunity under same.

19.    Plaintiffs' tort claims are barred by the immunity provisions of the Maine Tort Claims Act and there are no exceptions to immunity that apply.

Defendants reserve the right to assert any other defenses or affirmative defenses which may come to light during the course of discovery.

Dated at Portland, Maine this 13th day of April 2026.

/s/ Kasia S. Park
Kasia S. Park
Eloise C. Melcher
*Attorney for Defendants City of South Portland, Daniel Ahern, Ben Macisso, Jake Hall, Chris Todd, Jonathan Stearns, Caleb Gray, and Anthony Verville.*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com
emelcher@dwmlaw.com

47

Case 2:26-cv-00029-LEW    Document 21    Filed 04/13/26    Page 48 of 48    PageID #: 277