Th UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Amber and Nathan Miller, on behalf of their minor child, L.M., <br><br> Plaintiffs, <br><br> v. <br><br> City of Portland, Maine; City of South Portland, Maine; Daniel Ahern, in his official capacity as South Portland Chief of Police; Lieutenant Ben Macisso, in his individual capacity and in his official capacity as Portland and South Portland SWAT Commander; Sergeant Jake Hall, Detective Lieutenant Chris Todd, Detective Jonathan Stearns, Officer Caleb Gray, Officer Anthony Verville, and John Doe Officers, in their individual capacities, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:26-cv-00029-LEW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CALEB GRAY'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND**

Defendant Caleb Gray responds to Plaintiffs' Complaint (ECF No. 1) and asserts defenses as follows:

**INTRODUCTION**

1-11.    The allegations contained in Paragraphs 1-11 of the "Introduction" section of the Complaint are argument and/or a characterization of Plaintiffs' Complaint to which an answer is not required. To the extent that an answer is deemed necessary, Defendant Gray denies the allegations.

**JURISDICTION**

12-14.    The allegations contained in Paragraphs 12-14 of the "Jurisdiction" section of the Complaint call for a legal conclusion and/or are a characterization of Plaintiffs' Complaint to

1

which no answer is required. To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

## PARTIES

15-17. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15-17 of the Complaint and therefore denies the same.

18. Defendant Gray admits the allegations contained in Paragraph 18.

19. Defendant Gray admits the allegations contained in Paragraph 19.

20. Defendant Gray admits that Lieutenant Ben Macisso is, and was at the time of underlying events, the SWAT Commander for South Portland as well as a South Portland employee and police officer but denies the remaining allegations.

21. Defendant Gray admits that he, Jake Hall, Chris Todd, Anthony Verville, and Jonathan Stearns are and were South Portland employees and police officers at the time of the underlying events but otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

## FACTUAL ALLEGATIONS[1]

23. Defendant Gray denies the allegations contained in Paragraph 23.

24. Defendant Gray admits that South Portland police officers were investigating criminal activity that happened on or about April 11, 2025, but denies the implication that the

---

[1] The Complaint contains headings that are a characterization of the allegations and/or legal argument so therefore no response is required; to the extent a response is required, the headings are denied.

"criminal activity" they were investigating was as alleged in the preceding paragraph and therefore denies that implication and the remaining allegations contained in Paragraph 24.

25.     Defendant Gray denies the allegations in this paragraph.

26.     There was more than one "perpetrator," and it is unclear whom this paragraph refers to and therefore the allegations contained in Paragraph 26 are denied.

27.     It is unclear whom "he" refers to in this paragraph and therefore Defendant Gray admits that they had probable cause to believe a perpetrator had committed burglary and theft but otherwise denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant Gray admits there were multiple suspects but otherwise denies the allegations in this paragraph.

29.     Defendant Gray admits Miles Hibbard was a suspect but otherwise denies the allegations in this paragraph including any implications from the preceding paragraphs as it relates to the allegations in Paragraph 29.

30.     It is unclear which "crimes" this paragraph refers to and therefore the allegations are denied.

31.     The allegations in this paragraph are argument and/or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, it is unclear which "crimes" this paragraph refers to and therefore the allegations are denied.

32.     Defendant Gray admits the allegations contained in Paragraph 32.

33.     Defendant Gray denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant Gray denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant Gray denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant Gray denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant Gray denies the allegations contained in Paragraph 37 of the Complaint.

38.     The reference to "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of which officer knew what and therefore denies the same.

39.     The reference to "officers" in this paragraph is ambiguous and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of which officer knew what and therefore denies the same.

40.      Defendant Gray admits that he was shown a recent photo of Hibbard from a state identification card issued on or about April 15, 2025, but otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant Gray denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant Gray admits a search warrant was applied for and obtained but otherwise denies the allegations in this paragraph.

43.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

44.     Defendant Gray admits that Hibbard was suspected of burglary and theft by unauthorized taking but otherwise denies the allegations in this paragraph.

45.     The allegations contained in Paragraph 45 do not pertain to Defendant Gray and therefore no response is required; to the extent a response is deemed necessary, Defendant Gray admits the allegations contained in Paragraph 45.

46.     Defendant Gray admits that a warrant to search the residence at 19 Orkney Street in Portland was obtained but otherwise denies the allegations in this paragraph.

47.     The allegations in this paragraph are argument to which no response is required; to the extent a response is deemed necessary, Defendant Gray admits the South Portland Police Department had a warrant to arrest Hibbard for burglary and theft.

48.     Defendant Gray admits that South Portland had and has formal written policies; he further states that this paragraph refers to a policy that speaks for itself and therefore no response to subparts a-d is required. To the extent a response is necessary, Defendant Gray denies that the subparts accurately reflect the policy and therefore denies the remaining allegations.

49.     Defendant Gray admits that South Portland, Scarborough, and Cape Elizabeth are part of the Southern Maine Regional SWAT Team but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore denies the same.

50.     Paragraph 50 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore denies the same.

51.      Paragraph 51 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendant Gray is without knowledge or information

5

sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore denies the same.

52.     Paragraph 52 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies the same.

53.     Defendant Gray admits the allegations contained in Paragraph 53.

54.     Paragraph 54 of the Complaint refers to a document which speaks for itself; to the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore denies the same.

55.     Defendant Gray admits the allegations contained in Paragraph 55.

56.     The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray admits that there may be overlap with the military but otherwise denies the allegations.

57.     Defendant Gray admits the allegations contained in Paragraph 57 as it pertains to members of the SWAT Team and as to some SWAT equipment and tactics, but otherwise denies the allegations.

58.     The allegations contained in Paragraph 58 of the Complaint are argument and therefore no response is required.  To the extent an answer is deemed necessary, Defendant Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

59.     Defendant Gray is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore denies the same.

60.     Defendant Gray is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies the same.

61.     Defendant Gray admits that South Portland uses a standard risk/threat assessment but otherwise denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendant Gray admits the allegations contained in Paragraph 62.

63.     The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendant Gray denies the allegations in this paragraph.

64.     The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendant Gray admits the allegations in this paragraph.

65.     The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendant Gray denies the allegations in this paragraph.

66.     Defendant Gray admits the points are totaled but denies the remaining allegations contained in Paragraph 66 of the Complaint.

67.     The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendant Gray admits

that a SWAT response is optional based on a threat assessment of 1-15 points but denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendant Gray denies the allegations contained in Paragraph 68.

69.    The allegations in this paragraph refer to a form which speaks for itself and therefore no response is required. To the extent a response is required, Defendant Gray admits that a threat assessment of 26+ points is high risk but denies the remaining allegations contained in Paragraph 69 of the Complaint.

70.    Defendant Gray admits that probable cause is not required to indicate an element as a basis for adding points to the risk assessment, but otherwise denies the allegations contained in Paragraph 70.

71.    Defendant Gray denies the allegations contained in Paragraph 71.

72.    Defendant Gray denies the allegations contained in Paragraph 72.

73.    Defendant Gray denies the allegations contained in Paragraph 73.

74.    Defendant Gray denies the allegations contained in Paragraph 74.

75.    Defendant Gray denies the allegations contained in Paragraph 75.

76.    Defendant Gray admits that South Portland City policies were followed but denies the implication that the city policies consist of Plaintiffs' allegations as set forth in the preceding paragraphs and therefore denies the remaining allegations in Paragraph 76 of the Complaint.

77.    Defendant Gray admits that a risk/threat assessment was completed but otherwise denies the allegations contained in Paragraph 77.

78.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and therefore denies the same.

79.    Defendant Gray denies the allegations contained in Paragraph 79 of the Complaint.

80.    The allegations contained in Paragraph 80 of the Complaint are argument and therefore no response is required; to the extent a response is required, the allegations are denied.

81.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and therefore denies the same.

82.    Defendant Gray denies the allegations contained in Paragraph 82 of the Complaint.

83.    Defendant Gray denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore denies the same.

85.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore denies the same.

86.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore denies the same.

87.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore denies the same.

88.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore denies the same.

89.      Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore denies the same.

90.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore denies the same.

91.     Defendant Gray admits that when they executed the warrant they found that the house was "not heavily fortified or booby trapped" but denies that he knew what condition they would find the house prior to that and denies the remaining allegations contained in Paragraph 91.

92.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore denies the same.

93.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore denies the same.

94.    Defendant Gray admits that the actual execution of the warrant did not require breaching tools or forced entry but denies the implication that officers knew that would be the case in advance of execution as implied by the allegations contained in Paragraph 94.

95.    Defendant Gray denies the allegations contained in Paragraph 95 of the Complaint.

96.    Defendant Gray denies the allegations contained in Paragraph 96 of the Complaint.

97.    Defendant Gray admits that Lt. Macisso was consulted but otherwise denies the allegations in Paragraph 97 the Complaint.

98.    The allegations contained in Paragraph 98 of the Complaint are argument and call for a legal conclusion to which an answer is not required.   To the extent an answer is deemed necessary, Defendant Gray denies the same.

99.    Defendant Gray admits that Lt. Macisso was consulted but otherwise denies the allegations in Paragraph 99 the Complaint.

100.    The allegations contained in Paragraph 100 of the Complaint are argument and call for a legal conclusion to which an answer is not required.   To the extent an answer is deemed necessary, Defendant Gray denies the same.

101.    Defendant Gray denies the allegations contained in Paragraph 101.

102.     Defendant Gray denies the allegations contained in Paragraph 102.

103.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore denies the same.

104.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and therefore denies the same.

105.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore denies the same.

106.     The reference to "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations in Paragraph 106.

107.     The  allegation of "officers" and "very close" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of what all officers recognized and therefore denies the allegations in Paragraph 107.

108.     Defendant Gray admits that the original timing of the execution of the warrant was delayed but the language "they" and "a few hours" is ambiguous and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore otherwise denies the allegations in Paragraph 108.

109.     The allegations contained in Paragraph 109 of the Complaint are argument and call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and therefore denies the same.

110.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and therefore denies the same.

111.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and therefore denies the same.

112.    The  allegations contained in Paragraph 112 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and therefore denies the same.

113.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint and therefore denies the same.

114.    The allegations contained in Paragraph 114 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in Paragraph 114.

115.    Defendant Gray admits that one officer who participated was an SRO for South Portland but otherwise denies the allegations contained in Paragraph 115.

116.    The allegations contained in Paragraph 116 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in Paragraph 116.

117.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and therefore denies the same.

118.    The  allegations contained in Paragraph 118 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in Paragraph 118.

119.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and therefore denies the same.

120.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and therefore denies the same.

121.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and therefore denies the same.

122.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint and therefore denies the same.

123.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint and therefore denies the same.

124.    Defendant Gray denies the allegations contained in Paragraph 124.

125.    The allegations of "team of officers drove" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same, except that Defendant Gray admits that some officers drove towards Hibbard's house.

126.    Defendant Gray admits that there were multiple vehicles, including a marked South Portland PD SUV but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

127.    The map referenced in this paragraph in the Complaint lacks sufficient information for Defendant Gray to form a belief as to the truth of the allegations and therefore he denies the allegations contained in Paragraph 127.

128.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint and therefore denies the same.

129.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint and therefore denies the same.

130.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint and therefore denies the same.

131.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint and therefore denies the same.

132.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint and therefore denies the same.

133.    The  reference to "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the

allegations and therefore admits that some officers drove south on Stevens Avenue but otherwise denies the allegations in Paragraph 133.

134. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint and therefore denies the same.

135. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and therefore denies the same.

136. Defendant Gray denies the allegations in Paragraph 136 of the Complaint.

137. The allegations contained in Paragraph 137 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

138. The allegations contained in Paragraph 138 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

139. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint and therefore denies the same.

140. Defendant Gray admits that there are multiple houses on Orkney Street but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint and therefore denies the same.

16

141.    Defendant Gray admits there are other houses near Hibbard's residence but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint and therefore denies the same.

142.    The allegations contained in Paragraph 142 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

143.    The allegations contained in Paragraph 143 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

144.    The allegations contained in Paragraph 144 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

145.    Defendant Gray admits the allegations contained in Paragraph 145.

146.    The allegations contained in Paragraph 146 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

147.    The  allegation "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Defendant Gray further responds that to the extent "officers" saw someone, they thought it was Hibbard.

148.    Defendant Gray denies that the officers knew it was L.M. at the time as alleged in this paragraph and therefore denies the allegations contained in Paragraph 148 of the Complaint.

149.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint and therefore denies the same.

150.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint and therefore denies the same.

151.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint and therefore denies the same.

152.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint and therefore denies the same.

153.   Defendant Gray denies the allegations contained in Paragraph 153.

154.   Defendant Gray denies the allegations contained in Paragraph 154.

155.   Defendant Gray admits that other vehicles were parked on Orkney Street but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 and therefore denies the same.

156.   Defendant Gray admits that other vehicles were parked on Orkney Street but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156 and therefore denies the same.

157.   Defendant Gray admits that other vehicles were parked on Orkney Street but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 and therefore denies the same.

158.    Defendant Gray admits that other vehicles were parked on Orkney Street but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 and therefore denies the same.

159.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint and therefore denies the same.

160.    Defendant Gray admits that the video captures that no vehicles were parked on that driveway but otherwise denies the allegations contained in Paragraph 160.

161.    The reference to "officers" in this paragraph is ambiguous as it relates to the timing and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Defendant Gray further states that the officers thought it was Hibbard at the time and did not know it was L.M. as alleged.

162.    Defendant Gray denies the allegations contained in Paragraph 162.  Defendant Gray further states that the officers thought it was Hibbard at the time and did not know it was L.M. as alleged.

163.    The  reference to "officers" in this paragraph is ambiguous as it relates to the timing and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

164.    The reference to "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations. Defendant Gray further states that the officers thought it was Hibbard at the time and did not know it was L.M. as alleged.

165. Defendant Gray denies the allegations contained in Paragraph 165 of the Complaint.

166. Defendant Gray denies that the individual looked 3 years younger, 4 inches taller, or 30 pounds heavier than Hibbard and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint and therefore denies the same.

167. Defendant Gray admits L.M. was wearing a short-sleeved T-shirt but denies the remaining allegations contained in Paragraph 167 of the Complaint. Defendant Gray further states that the officers thought it was Hibbard at the time and did not know it was L.M. as alleged.

168. Defendant Gray admits the individual had a cell phone in his hand but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint and therefore denies the same.

169. Defendant Gray denies the allegations contained in Paragraph 169 and further states that Defendant Gray thought "he" was Hibbard at the time and did not know it was L.M. as implied in this paragraph.

170. Defendant Gray denies the allegations contained in Paragraph 170 and further states that Defendant Gray thought "he" was Hibbard at the time and did not know it was L.M. as implied in this paragraph.

171. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint and therefore denies the same and further states that Defendant Gray thought he was Hibbard at the time and did not know it was L.M. as alleged in this paragraph.

172.    Defendant Gray denies the allegations contained in Paragraph 172.

173.    Defendant Gray denies the allegations contained in Paragraph 173.

174.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in Paragraph 174.

175.    Defendant Gray denies the allegations contained in Paragraph 175.

176.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint and therefore denies the same.

177.    Defendant Gray admits that commands were given to the individual who he believed was Hibbard but otherwise denies the allegations contained in Paragraph 177.

178.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph.

179.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as implied and therefore denies the allegations contained in this paragraph.

180.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as implied and therefore denies the allegations contained in this paragraph.

181.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph, except that he admits that the individual did not run.

182.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph, except that he admits that some officers had stopped a police vehicle near a vehicle parked on Orkney Street that the individual he thought was Hibbard seemed to be associated with.

183.   Defendant Gray denies the allegations contained in Paragraph 183.

184.   Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph.

185.   The reference to "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of what all the officers could see and therefore denies the same.

186.   Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph.

187.   Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph.

188.   Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph.

189.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint and therefore denies the same.

190.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint and therefore denies the same.

191.   Defendant Gray denies the allegations contained in this paragraph.

192.   Defendant Gray denies the allegations contained in this paragraph.

193.   Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph.

194.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph, except that he admits orders were given to the individual they thought was Hibbard.

195.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph, except that he admits that the individual he thought was Hibbard calmly and immediately complied.

196.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph, except that he admits that the individual he thought was Hibbard was given certain orders.

197.    Defendant Gray thought the individual was Hibbard at the time, not L.M. as alleged and therefore denies the allegations contained in this paragraph, except that he admits that the individual he thought was Hibbard complied with every command.

198.    Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

199.    Defendant Gray admits officers were near the individual they thought was Hibbard but otherwise denies the allegations contained in this paragraph.

200.    Defendant Gray denies the allegations contained in this paragraph.

201.    Defendant Gray denies the allegations contained in Paragraph 201.

202.    Defendant Gray admits commands were given to the individual he thought was Hibbard but otherwise denies the allegations.

203.    Defendant Gray admits commands were given to the individual he thought was Hibbard but otherwise denies the allegations.

204.    Defendant Gray did not know it was L.M. as alleged and therefore denies the allegations contained in this paragraph.

205.    Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

206.    Defendant Gray admits commands were given to the individual he thought was Hibbard but otherwise denies the allegations.

207.    Defendant Gray did not know it was L.M. as alleged and therefore denies the allegations contained in this paragraph.

208.    Defendant Gray denies the allegations contained in Paragraph 208.

209.    Defendant Gray admits that Detective Jonathan Stearns eventually walked closer to where the individual he thought was Hibbard was lying on the ground but otherwise denies the allegations in this paragraph including the sequence of events implied by the subsequent paragraphs and the implication that the officers knew the individual was L.M.

210.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in this paragraph.

211.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in this paragraph.

212.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint and therefore denies the same.

213. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Complaint and therefore denies the same.

214. Defendant Gray denies the allegations contained in Paragraph 214.

215. Defendant Gray did not know it was L.M. as alleged and therefore denies the allegations contained in this paragraph.

216. The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant did not know it was L.M. as alleged and therefore denies the allegations contained in this paragraph.

217. Defendant did not know it was L.M. as alleged and therefore denies the allegations contained in this paragraph.

218. Defendant Gray admits that Detective Stearns stated in part something to the effect of "it's not" but otherwise denies the allegations contained in Paragraph 218 including the sequence of events as implicated by the preceding and subsequent paragraphs.

219. Defendant Gray denies he knew it was L.M. at this time as alleged and therefore denies the allegations contained in this paragraph of the Complaint.

220. Defendant Gray denies he knew it was L.M. at this time as alleged and therefore denies the allegations contained in this paragraph of the Complaint.

221. Defendant Gray denies he knew it was L.M. at this time as alleged and therefore denies the allegations contained in this paragraph of the Complaint.

222. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

223.    Defendant Gray denies he knew it was L.M. at this time as alleged and therefore denies the allegations contained in this paragraph of the Complaint.

224.    Defendant Gray denies he knew it was L.M. at this time as alleged and therefore denies the allegations contained in this paragraph of the Complaint.

225.    Defendant Gray denies the allegations in this paragraph..

226.    Defendant Gray denies the allegations contained in Paragraph 226.

227.    The allegations contained in Paragraph 227 are argument and therefore no response is required.  To the extent a response is deemed necessary, Defendant Gray denies that this paragraph accurately captures the sequence of events and therefore denies the allegations.

228.    Defendant Gray denies that this paragraph accurately captures the sequence of events and therefore denies the allegations.

229.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies that that this paragraph accurately captures the sequence of events and therefore denies the allegations.

230.    The reference to "they" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

231.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

232.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

233. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

234. The allegations "by this time" and "officers" in this paragraph are ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

235. The allegations "officers" in this paragraph are ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

236. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Complaint and therefore denies the same.

237. The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations in this paragraph.

238. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the Complaint and therefore denies the same.

239. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 of the Complaint and therefore denies the same.

240. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 of the Complaint and therefore denies the same.

241.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 of the Complaint and therefore denies the same.

242.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the Complaint and therefore denies the same.

243.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 of the Complaint and therefore denies the same.

244.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 of the Complaint and therefore denies the same.

245.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245 of the Complaint and therefore denies the same.

246.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246 of the Complaint and therefore denies the same.

247.     The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

248.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

249.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 of the Complaint and therefore denies the same.

250.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

251.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

252.    Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

253.    Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

254.    Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

255.    Defendant Gray denies that the allegations accurately capture the sequence of events and therefore denies the allegations in this paragraph.

256.    The allegation "officers" in this paragraph is ambiguous and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

257.     The  allegation "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

258.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 of the Complaint and therefore denies the same.

259.     The  allegations "officers" and "later" in this paragraph are ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same, except he admits that L.M. was released.

260.     The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations in this paragraph.

261.     As alleged, the allegations contained in Paragraph 261 of the Complaint are ambiguous, confusing, and incomprehensible and therefore this paragraph is denied.

262.     Paragraph 262 and its nine subparts are argument and not a "short and plain statement" and therefore no response is required. To the extent a response is required, Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Portland and therefore denies the same, and otherwise denies the allegations.

263.     Paragraph 263 and its nine subparts are argument, ambiguous as it relates to "to do or not do" and "officers" and not a "short and plain statement" and therefore no response is required. To the extent a response is required, Defendant Gray is without knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are

alleged against Portland officers and therefore denies the same, and otherwise denies the allegations.

264.    Defendant Gray admits that L.M. was in handcuffs but otherwise denies the allegations contained in Paragraph 264.

265.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the Complaint and therefore denies the same.

266.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of the Complaint and therefore denies the same.

267.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of the Complaint and therefore denies the same.

268.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of the Complaint and therefore denies the same.

269.    Defendant Gray admits that L.M. was outwardly calm, compliant, respectful, and cooperative but denies the implication that the officers knew it was L.M. "throughout the entire encounter" and therefore denies the remaining allegations contained in Paragraph 269

270.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 of the Complaint and therefore denies the same.

271.    Defendant Gray denies the allegations contained in Paragraph 271.

272.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in Paragraph 272.

273.    Defendant Gray admits L.M.'s friends acted cooperatively, respectfully and calmly while interacting with officers but otherwise denies the remaining allegations contained in Paragraph 273, including the implication that he knew it was L.M. or his friends and that they did nothing suspicious.

274.    Defendant Gray denies the allegations contained in Paragraph 274.

275.    The allegation "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same, except he admits that some of the officers executed the search warrant.

276.    Defendant Gray admits that two individuals and a dog were home but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

277.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 of the Complaint and therefore denies the same.

278.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278 of the Complaint and therefore denies the same.

279.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the Complaint and therefore denies the same.

280.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 of the Complaint and therefore denies the same.

281.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

282.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the same.

283.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the same, except that he admits that officers went to the facility.

284.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284 of the Complaint and therefore denies the same.

285.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

286.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286 of the Complaint and therefore denies the same.

287.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray admits that officers arrested Hibbard.

288.    Defendant Gray admits the allegations contained in Paragraph 288 of the Complaint.

289.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289 of the Complaint and therefore denies the same.

290.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290 of the Complaint and therefore denies the same.

291-318.  The allegations contained in Paragraphs 219-318 are not alleged against and do not pertain to Defendant Gray and therefore no response is required.  To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same denies the same.

319.    The allegations contained in Paragraph 319 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

320.    Defendant Gray admits that he was acting within the scope of his employment, but otherwise the allegations are directed against other Defendants and therefore a response is not required; to the extent a response is deemed necessary, he admits that South Portland individuals were acting within the scope of their employment but otherwise is without

34

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

321.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 321 of the Complaint and therefore denies the same.

## INJURIES TO L.M.

322.    Defendant Gray denies the allegations contained in Paragraph 322.

323-326.  Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 323-326 of the Complaint and therefore denies the same.

## CLAIMS

327.    The allegations contained in Paragraph 327 are a characterization of the Complaint to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

### <u>Count 1</u>
### 42 U.S.C. § 1983:
### Fourth and Fourteenth Amendment Violations
### Unreasonable initial seizure
### *Brought against all Defendants*

328.    Defendant Gray repeats and realleges his responses contained in Paragraphs 1 through 326 herein.

329-333.  The allegations contained in Paragraphs 329-333 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

334.    Defendant Gray denies the allegations contained in Paragraph 334.

335.   Defendant Gray denies the allegations contained in Paragraph 335.

336.   Defendant Gray denies the allegations contained in Paragraph 336.

337.   Defendant Gray denies the allegations contained in Paragraph 337.

338.   Defendant Gray denies the allegations contained in Paragraph 338.

339.   The allegations contained in Paragraph 339 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations contained in Paragraph 339.

340.   The allegations contained in Paragraph 340 of the Complaint are legal argument to which no answer is required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

341.   Defendant Gray denies the allegations contained in Paragraph 341.

342.   Defendant Gray denies the allegations contained in Paragraph 342.

343.   Defendant Gray denies the allegations contained in Paragraph 343.

344.   Defendant Gray admits the allegations contained in Paragraph 344.

345.   The allegations in Paragraph 345 of the Complaint are ambiguous as to timing and therefore this paragraph is denied.

346.   Defendant Gray denies the allegations contained in Paragraph 346.

347.   The  allegations contained in Paragraph 347 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

348.   Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 348 of the Complaint and therefore denies the same.

349.    Defendant Gray denies the allegations contained in Paragraph 349.

350.    Defendant Gray admits that the policy provides that the supervisor or designee should be consulted but otherwise denies the allegations contained in Paragraph 350.

351.    Defendant Gray denies the allegations contained in Paragraph 351.

352.    Defendant Gray denies the allegations contained in Paragraph 352.

353.    Defendant Gray denies the allegations contained in Paragraph 353.

354.    Defendant Gray denies the allegations contained in Paragraph 354.

355.    Defendant Gray denies the allegations contained in Paragraph 355.

356.    The allegations contained in Paragraph 356 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

357.    The allegations contained in Paragraph 357 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

358.    The allegations contained in Paragraph 358 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

359.    Defendant Gray denies the allegations contained in Paragraph 359.

360.    Defendant Gray denies the allegations contained in Paragraph 360.

## Count 2
### 42 U.S.C. § 1983:
### Fourth and Fourteenth Amendment Violations
### Unreasonable prolonged seizure
### *Brought against all Defendants*

37

361.     Defendant Gray repeats and realleges his responses contained in Paragraphs 1 through 326 herein.

362-364.  The allegations contained in Paragraphs 362-364 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

365.     The allegations contained in paragraph 365 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

366.     The reference to "officers" in this paragraph is ambiguous and therefore Defendant Gray lacks knowledge or information sufficient to form a belief about the truth of what the "officers" knew and therefore denies the same.

367.     The allegations contained in Paragraph 367 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

368.     The allegations contained in Paragraph 368 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

369.     Defendant Gray denies the allegations contained in this paragraph.

370.     Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 of the Complaint and therefore denies the same.

371.    The allegations in Paragraph 371 are argument and ambiguous so therefore no answer is required. To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

372.    The allegations contained in this paragraph are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the allegations.

373.    Defendant Gray denies the allegations in this paragraph.

374.    The allegations contained in Paragraph 374 do not pertain to Defendant Gray and therefore no response is required.  To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

375.    Defendant Gray denies the allegations in this paragraph.

**Count 3**

**42 U.S.C. § 1983:**

**Fourth and Fourteenth Amendment Violations**

**Unreasonable search**

***Brought against all Defendants***

376.    Defendant Gray repeats and realleges his responses contained in Paragraphs 1 through 326 herein.

377-379.  The allegations contained in Paragraphs 377-379 are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendant Gray denies the allegations.

380.    Defendant Gray denies the allegations contained in Paragraph 380.

381.    Defendant Gray denies the allegations contained in Paragraph 381.

382.    Defendant Gray denies the allegations contained in Paragraph 382.

383.    Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 383 of the Complaint and therefore denies the same.

384.    The allegations contained in Paragraph 384 of the Complaint are argument to which no response is required. To the extent a response is deemed necessary, Defendant Gray denies the implication that an objection was warranted and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

385.    Defendant Gray denies the allegations in this paragraph.

386.    Defendant Gray denies the allegations in this paragraph.

387.    The allegations contained in Paragraph 387 of the Complaint do not pertain to Defendant Gray and are argument to which no response is required.  To the extent a response is deemed necessary, Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

388.    Defendant Gray denies the allegations in this paragraph.

**<u>Count 4</u>**

**14 M.R.S.A § § 8101 *et seq.***

**Assault and Battery**

***Brought against all Defendants***

389.    Defendant Gray repeats and realleges his responses contained in Paragraphs 1 through 326 herein.

390.    Defendant Gray denies the allegations contained in Paragraph 390.

391.    Defendant Gray admits he and the South Portland officers acted intentionally but otherwise denies the allegations contained in Paragraph 391.

392. Defendant Gray denies the allegations contained in Paragraph 392.

393. Defendant Gray denies the allegations contained in Paragraph 393.

394. Defendant Gray admits that he was acting within the scope of his employment and admits that the other South Portland officers were acting within the scope of their employment but otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations the allegations contained in this paragraph and therefore denies the same.

395. Defendant Gray denies the allegations contained in Paragraph 395.

396. Defendant Gray denies the allegations in this paragraph.

**Count 5**

**14 M.R.S.A § § 8101 *et seq.***

**False Arrest and False Imprisonment**

***Brought against all individual-capacity Defendants***

397. Defendant Gray repeats and realleges his responses contained in Paragraphs 1 through 326 herein.

398. Defendant Gray denies the allegations contained in Paragraph 398.

399. Defendant Gray admits that he acted intentionally but otherwise denies the allegations contained in Paragraph 399.

400. Defendant Gray is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 400 of the Complaint and therefore denies the same.

401. Defendant Gray denies the allegations contained in Paragraph 401.

402. Defendant Gray admits that he was acting within the scope of his employment and admits that the other South Portland officers were acting within the scope of their

employment but otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations the allegations contained in this paragraph and therefore denies the same.

403.    Defendant Gray denies the allegations contained in Paragraph 403.

404.    Defendant Gray denies the allegations in this paragraph.

## Count 6
### 14 M.R.S.A § § 8101 *et seq.*
### Negligence
*Brought against the Cities of Portland and South Portland (including Chief Ahern in his official capacity).*

405.    Defendant Gray repeats and realleges his responses contained in Paragraphs 1 through 326 herein.

406-410.  The allegations contained in Paragraphs 406-410 are not alleged against Defendant Gray and therefore no response is required.  To the extent a response is deemed necessary, Defendant Gray denies the allegations.

### JURY DEMAND

Defendant Gray hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

### AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2.    Plaintiffs' Complaint is barred by the doctrines of immunity and/or qualified immunity.

3.     No clearly established rights of Plaintiffs were violated by Defendant's alleged actions or inaction.

42

4.      No reasonable person in Defendant's position and under the circumstances he faced would have known that his conduct violated clearly established rights of the Plaintiffs.

5.      Plaintiffs' injuries or harm, if any, were not caused by Defendant's alleged actions or inaction.

6.      Plaintiffs' damages are barred in whole or in part for failing to mitigate his damages.

7.      Plaintiffs' Complaint is barred by the doctrines of assumption of the risk, unclean hands, and estoppel.

8.      Plaintiffs' alleged damages, if any, were caused by their own conduct, an intervening or superseding cause, or third-parties.

9.      All actions or inaction taken by Defendant were based upon probable cause, reasonable articulable suspicion, a privilege, mistake, community caretaking, protective custody, and/or were otherwise objectively reasonable under the particular circumstances.

10.     If any of Defendant's alleged acts or inaction are found to have been unlawful and/or unconstitutional, Defendant had no notice or knowledge of such illegality or the likelihood of same.

11.     At all times relevant to this case, Defendant was acting in good faith and within the scope of his employment.

12.     Defendant cannot be held liable for the actions or inaction of other individuals, nor can he be held liable based on a respondeat superior theory.

13.     Plaintiffs fail to allege facts to support their claim for punitive damages.

14.     Plaintiffs' recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq., or any other applicable federal or state statutory limitations on damages.

15.     Plaintiffs' tort law claims are barred for failing to comply with the notice requirements of the Maine Tort Claims Act, 14 M.S.R.A. § 8107 or other applicable provisions of the Maine Tort Claims Act and Defendant has retained its immunity under same.

16.     Plaintiffs' tort claims are barred by the immunity provisions of the Maine Tort Claims Act, including but not limited to discretionary function immunity and/or intentional act immunity.

Defendant reserves the right to assert any other defenses or affirmative defenses which may come to light during the course of discovery.

Dated at Portland, Maine this 13th day of April 2026.

*/s/ Kasia S. Park*
Kasia S. Park
Eloise C. Melcher
*Attorneys for Defendants City of South Portland, Daniel Ahern, Ben Macisso, Jake Hall, Chris Todd, Jonathan Stearns, Caleb Gray, and Anthony Verville.*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com
emelcher@dwmlaw.com

44